PAUL ROBERT HARRIS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Harris v. Commissioner
Docket No. 15246-85.
United States Tax Court
T.C. Memo 1986-232; 1986 Tax Ct. Memo LEXIS 374; 51 T.C.M. (CCH) 1154; T.C.M. (RIA) 86232; June 9, 1986. Paul Robert Harris, pro se. Darrel Knudtson, for the respondent. PANUTHOS
MEMORANDUM FINDINGS OF FACT AND OPINION PANUTHOS, Special Trial Judge: This *375 case was assigned pursuant to section 7456(d)(3) and Rules 180, 181, and 182. [1]
Respondent determined a deficiency in petitioner's 1982 Federal income tax in the amount of $1,237.50. The issue for decision is whether petitioner can deduct contributions to an individual retirement account (IRA) which exceed $2,250 for the taxable year 1982. [2] This case was submitted fully stipulated under Rule 122. At the time of filing the petition herein, petitioner resided in Richmond, Virginia. Petitioner was employed during 1982 and received compensation in excess of $4,500. Petitioner's wife Nancy was not employed during 1982. On February 15, 1983, petitioner deposited $4,000 into an IRA in his name. On the same date petitioner deposited $500 to an IRA in the name of his wife Nancy Harris. [3]
*376 Petitioner filed a timely joint Federal income tax return for the taxable year 1982 with his wife. On the return petitioner claimed a deduction for contributions to an IRA in the amount of $4,500. In his notice of deficiency dated April 1, 1985, respondent disallowed $2,250 of the $4,500 contribution. Respondent's determination was based upon section 219(c)(2) which provides for a maximum allowable deduction to a combined IRA in the amount of $2,250. Petitioner argues that subsections (a) and (c) of section 219 provide for limitations on the amount of deduction, but do not indicate the tax year in which a deduction can be taken. He further argues that the fact that a deduction is attributable to a given year does not mean that it cannot be taken in another tax year. Petitioner points to section 219(f)(3) and argues that the $2,250 contribution, which was prior to the deadline for filing his 1982 return, can be deducted on his 1982 or 1983 return. He concludes that during the period starting with the close of the tax year and ending with the due date of the return [4] a taxpayer may contribute the maximum amount (in this case $2,250) both for the prior year (1982) and for the *377 current year (1983), then deduct the entire amount ($4,500) in the prior year's (1982) return. Section 219(b) provides generally that the maximum amount that can be deducted for a qualified retirement contribution is the amount which does not exceed the lesser of $2,000 or an amount equal to compensation includable in the individual's gross income for such taxable year. Section 219(c)(2) provides a further limitation in the case of married individuals. In the case of an individual who is otherwise entitled to a deduction under subsection (a) who files a joint return and whose spouse had no compensation for such taxable year the allowable deduction cannot exceed the lesser of $2,250 or the amount equal to the compensation includable in the individual's gross income. Petitioner fits within the limitations of section 219(c)(2). The parties have stipulated that petitioner was married during the taxable year and filed a joint Federal income tax return. Petitioner *378 further stipulated that his wife had no compensation for the year. Finally, the 1982 Federal income tax return reflects that the compensation includable in gross income exceeded $2,250. Accordingly there is no question but the limitation of section 219(c)(2)(A)(i) applies. Thus petitioners' maximum contribution to an IRA would be $2,250. Section 219(f)(3)(A) allows a taxpayer to make contributions after the close of the tax year but prior to the time prescribed for filing a return. The legislative history of this section makes it clear that the purpose of this section was to extend the date by which an individual can make a deductible contribution to an IRA for a taxable year. See , affd. without published opinion ; , affd. without published opinion . We find nothing in the legislative history of this section which would indicate that a taxpayer may deduct amounts contributed in excess of $2,250 for any taxable year. Pub.L. 95-600, 95 Stat. 2763. Based on the foregoing, *379 petitioner is entitled to an IRA deduction for 1982 in the amount of $2,250 and not $4,500 as claimed. Decision will be entered for the respondent.
[5]
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. In his notice of deficiency respondent determined an excise tax in the amount of $135. Respondent conceded the excise tax adjustment in the stipulation of facts.↩
3. The parties stipulated that: "Petitioner has consistently maintained that the payments made to the IRA accounts were: $2,250 attributable to tax year 1982 and $2,250 attributable to tax year 1983." There is no evidence in the record that the payments were in fact made in that form. We need not make a finding on this question, however, in order to reach our conclusion herein.↩
4. In this case, the close of the first tax year to which petitioner alludes would be December 31, 1982 since petitioner is a calendar year, cash basis taxpayer. The due date of the return would be April 15, 1983.↩
5. The statutory notice of deficiency did not separately state the excise tax of $135. Thus, the deficiency after respondent's concession of the excise tax is $1,102.50.↩